NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2825
_____

ROBERT HOLTON,
                            Appellant

v.

BOBBY HENON; DARIN L. GATTI; EDWARD JEFFERSON;
CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-18-cv-02228)
District Judge: Honorable Chad F. Kenney
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 2, 2020

Before: SHWARTZ, PHIPPS, and FISHER, *Circuit Judges*.

(Filed:  October 22, 2020)
_____

OPINION*
_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

Citing several code violations, the Philadelphia Department of Licenses and Inspections issued a cease operations order to a scrap metal and automobile salvage business operating on a parcel of land within the City of Philadelphia. The owner of that business, Robert Holton, contested that order administratively, and after holding an evidentiary hearing, the City of Philadelphia Board of License and Inspection Review upheld the order. Holton then challenged that order in state court – twice through preliminary injunction motions and once through an appeal. In state court, the City defended the issuance of the cease operations order on two grounds: (i) that Holton lacked a proper use permit, and (ii) that due to the City's prior condemnation of the parcel, Holton did not own the property. In response to the real property dispute, Holton produced a quitclaim deed, but the state court rejected each of his requests for relief. Holton did not pursue further appeals in state court.

Unsuccessful in state court and unable to operate his business, Holton sought redress in federal court. *See* 28 U.S.C. §§ 1331, 1343(a)(4). He alleged that he owned the property "in fee, free and clear," Second Am. Compl. ¶ 16 (App. 128), and he sued the City of Philadelphia under the Fifth Amendment for taking his property without just compensation. He also sued a Member of the Philadelphia City Council, the Chief Engineer of the City of Philadelphia, and a Senior Attorney in the City of Philadelphia Law Department – each under 42 U.S.C. § 1983 for conspiring to take his property.

The City and the individual defendants moved to dismiss the complaint on several grounds. The District Court granted that motion, relying on the *Rooker-Feldman* doctrine

to dismiss the case for lack of subject-matter jurisdiction. *Holton v. Henon*, No. 18-cv-2228, 2019 WL 2320871, at *4 (E.D. Pa. May 28, 2019). Holton timely appealed. In exercising appellate jurisdiction over that final order, *see* 28 U.S.C. § 1291, we will vacate and remand the case for the reasons below.

In two Supreme Court cases – *Rooker* and *Feldman* – the Supreme Court interpreted a federal statute, 28 U.S.C. § 1257, to limit implicitly, through an affirmative pregnant, the jurisdiction of inferior federal courts. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). That statute grants the Supreme Court jurisdiction over appeals taken from "the highest court of a State in which a decision could be had." 28 U.S.C. § 1257(a). Such an appealed judgment must involve federal law in at least one of three ways: (i) by drawing into question a federal statute or treaty; (ii) by challenging a state law as "repugnant to the Constitution, treaties, or laws of the United States"; or (iii) by implicating a title, right, privilege, commission, or authority held by virtue of federal law. *Id.* By its terms, § 1257 says nothing about the jurisdiction of any other federal court. The Supreme Court filled that gap in *Rooker* and in *Feldman* by construing § 1257's affirmative grant of jurisdiction to the Supreme Court as eliminating the jurisdiction of every other federal court over the class of cases identified in § 1257. *See Rooker*, 263 U.S. at 416 (recognizing that federal district courts have original jurisdiction but not appellate jurisdiction); *Feldman*, 460 U.S. at 482–86 (prohibiting federal district court review of judicial determinations by state courts but allowing challenges to rules promulgated by those courts). *See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) ("*Rooker* and *Feldman* exhibit the

3

limited circumstances in which this Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority . . . ."); *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("The *Rooker-Feldman* doctrine . . . does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, *see* § 1257(a).").

The current formulation of what has become known as the *Rooker-Feldman* doctrine builds off that principle. But the doctrine also implicitly incorporates a foundational reality – that federal courts are courts of limited jurisdiction. *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) ("We have often explained that '[f]ederal courts are courts of limited jurisdiction.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (alteration in original))); *In re Cmty. Bank of N. Va. Mortg. Lending Pracs. Litig.*, 911 F.3d 666, 670 (3d Cir. 2018). Specifically, the "[j]urisdiction of the lower federal courts is . . . limited to those subjects encompassed within a statutory grant of jurisdiction." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). And there is a general absence of statutory authority for *any* federal court to hear an appeal from a state court other than "the highest court of a State in which a decision could be had." 28 U.S.C. § 1257(a); *see also Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970) ("[L]ower federal courts possess no power whatever to sit in direct review of state-court decisions."); *cf.* 28 U.S.C. § 2254(a) (empowering federal district courts to review

4

collaterally final state-court judgments through a writ of habeas corpus).  Thus, the

*Rooker-Feldman* doctrine precludes not only appeals from highest state courts to inferior

federal courts but also appeals from any non-highest state court to inferior federal courts.

This Court has articulated four conditions necessary for *Rooker-Feldman* to bar an

action that is otherwise within a federal court's subject-matter jurisdiction.  Those are the

following:

(1)     the federal plaintiff must be a state-court loser;

(2)     the federal plaintiff must complain of injuries caused by the adverse state-court judgment;

(3)     that adverse state-court judgment must have been rendered before the federal suit was filed; and

(4)     the federal plaintiff must invite the federal district court to review and reject the adverse state-court judgment.

*See Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir.

2010); *see also Malhan v. Sec'y U.S. Dep't State*, 938 F.3d 453, 458 (3d Cir. 2019).

Of those four conditions, only the third – that the state-court judgment must

precede the filing of the federal suit – is satisfied here.  A federal court's subject-matter

jurisdiction is assessed on the filing date of the complaint or an amended complaint.  *See*

*Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007) ("[W]hen a plaintiff

files a complaint in federal court and then voluntarily amends the complaint, courts look

to the amended complaint to determine jurisdiction."); *Santomenno ex rel. John Hancock*

*Tr. v. John Hancock Life Ins. Co. (U.S.A.)*, 677 F.3d 178, 185 (3d Cir. 2012).  The

original state-court judgment from August 20, 2018, was vacated, but it was reinstated on

September 12, 2018, with the state court affirming the decision by the Board of License

and Inspection Review on the grounds that Holton failed to have a use registration permit. Holton filed his second amended complaint in the federal action after that date, on January 22, 2019. Because the state-court judgment was entered before Holton's operative complaint, the third condition is met. But dismissal on *Rooker-Feldman* grounds requires fulfillment of all four conditions, and here the other three are not satisfied.

Under the first condition, the federal plaintiff must be a state-court loser. *See Exxon Mobil*, 544 U.S. at 284; *Great W. Mining*, 615 F.3d at 166. Holton did lose in state court: he failed to overturn the cease operations order. But he is not a state-court loser in the *Rooker-Feldman* context because the state court did not rule upon the takings and § 1983 claims that he now brings in federal court. *See Geness v. Cox*, 902 F.3d 344, 360 (3d Cir. 2018).

The second *Rooker-Feldman* condition is similarly unmet. That condition examines whether the federal plaintiff complains of injuries caused by an adverse state-court judgment. *See Exxon Mobil*, 544 U.S. at 284; *Great W. Mining*, 615 F.3d at 166. Holton's injuries relate to the lost use of his alleged real property, and the state-court order upheld the cease operations order. But that does not mean that the state-court order *caused* those injuries. In evaluating causation under *Rooker-Feldman*, the critical inquiry is the source of the injury. *See Great W. Mining*, 615 F.3d at 168. And here, the state court did not issue the cease operations order. Rather, the City of Philadelphia, through its officers, did so. While the subsequent state-court judgment upheld that order, that does not amount to causing the injury for *Rooker-Feldman* purposes. *See id.* at 167

6

(explaining that *Rooker-Feldman* does not create a jurisdictional bar when a state-court judgment "simply ratified, acquiesced in, or left unpunished" the actions of a third party (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005))); *see also Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 425–26 (3d Cir. 2003) (rejecting the application of *Rooker-Feldman* to a federal claim for selective prosecution despite repeated state-court findings of nuisance because the federal claim arose independently of the state court's nuisance finding).

The fourth *Rooker-Feldman* condition is likewise unfulfilled here. To satisfy that condition, the federal plaintiff must seek "review and rejection" of the adverse state-court judgment. *Exxon Mobil*, 544 U.S. at 284; *see also Great W. Mining*, 615 F.3d at 168. Essentially, the federal plaintiff must seek a declaration that the state-court judgment is "null and void" – as was the case in *Rooker*. 263 U.S. at 414–15; *see also Exxon Mobil*, 544 U.S. at 284; *Great W. Mining*, 615 F.3d at 169 (explaining that the "appellate review" barred by *Rooker-Feldman* "consists of a review . . . to determine whether [the state court] reached its result in accordance with law" (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1143 (10th Cir. 2006))). But Holton does not seek to undo the state-court judgment upholding the cease operations order. To the contrary, Holton's just compensation and damages claims depend upon the cease operations order. Because Holton's federal lawsuit relies upon, as opposed to seeks to undo, the state-court judgment, the fourth *Rooker-Feldman* condition is not met here. *See In re Phila. Ent. & Dev. Partners*, 879 F.3d 492, 500–01 (3d Cir. 2018) (holding *Rooker-Feldman* did not

7

apply to federal suit that "could have started from the premise that the [state board and state court] reached the correct result under state law").

The rejection of *Rooker-Feldman*'s applicability clears only a jurisdictional bar to Holton's lawsuit.  It may be that Holton's claims would be barred by issue preclusion – if, for instance, the state court determined on the merits, after a full and fair opportunity to litigate the issue, that Holton did not own the property on which he operated his business.  *See Kedra v. Schroeter*, 876 F.3d 424, 434 n.2 (3d Cir. 2017); *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357–58 (3d Cir. 1999); *see also* 28 U.S.C. § 1738.  But issue preclusion is not a jurisdictional bar, and the parties may address that defense on remand in the District Court.  *See Exxon Mobil*, 544 U.S. at 293 (citing Fed. R. Civ. P. 8(c)); *Great W. Mining*, 615 F.3d at 170.

For these reasons, we will vacate the District Court's judgment and remand for proceedings consistent with this opinion.